Richard J. Cino, Esq. (N.J. Bar I.D. #035121990)
Fotini Karamboulis, Esq. (N.J. Bar I.D. #029562013)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ  07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GRACE C. CHEN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UBS BUSINESS SOLUTIONS US LLC,<br><br>　　　　　Defendant. | Hon. _____, U.S.D.J.<br><br>Civil Action No. \_\_ - _____ (\_\_/\_\_)<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, HUDSON COUNTY AND LOCAL CIVIL RULE 11.2 CERTIFICATION** |

TO:　William T. Walsh, Clerk of Court
　　　USDC for the District of New Jersey
　　　Martin Luther King, Jr. Federal Bldg. & U.S. Courthouse
　　　50 Walnut Street
　　　Newark, New Jersey 07102

　　　Grace C. Chen, *Pro Se Plaintiff*
　　　315 E. 70th St., Apt. 1C
　　　New York, New York 10021

Pursuant to 28 U.S.C. §§ 1331, 1441(c), and 1446, Defendant UBS Business Solutions US LLC ("Defendant") respectfully submits this Notice and Petition of Removal of a case from the Superior Court of New Jersey, Law Division, Hudson County, bearing Docket No. HUD-L-000567-24, and states as follows as grounds for removal:

1. On February 10, 2024, Plaintiff Grace C. Chen ("Plaintiff") filed a civil action captioned <u>Grace C. Chen v. UBS Business Solutions US LLC</u>, Docket No. HUD-L-000567-24 (the "State Action"), in the Superior Court of New Jersey, Law Division, Hudson County.

2. Defendant was served with the Summons and Complaint on March 4, 2024.

3. A true and correct copy of the Summons and Complaint in this matter are attached hereto as Exhibit A.

4. This action arises out of Plaintiff's claims in her Complaint of alleged unlawful employment practices on the basis of race and national origin under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII"), and the New Jersey Law Against Discrimination ("NJLAD").

5. The Summons and Complaint constitute all pleadings, process, and other documents provided to Defendant in this action. The Complaint was the initial pleading received by Defendant setting forth the claims upon which Plaintiff's action is based.

6. This Notice is timely filed under 28 U.S.C. § 1446(b), because Defendant has effected removal within thirty (30) days of service of a paper from which it first could be ascertained that this action is removable.

7. Defendant has not filed an answer or other pleading in the Superior Court of New Jersey, or made any appearance or argument with the State Court.

7. Removal is proper under 28 U.S.C. § 1441(a), because this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States – specifically, Title VII.

8. In her Complaint, Plaintiff specifically alleges a claim under Title VII and asserts: "Defendant's discriminatory actions were at least racially motivated and in violation of the Section 703(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a))." <u>See</u> Exhibit A, at ¶ 10.

9.      Accordingly, the Complaint establishes that the matter is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

10.     To the extent any of Plaintiff's claims do not relate to 29 U.S.C. § 2601, *et seq.*, this Court nevertheless has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §§ 1367 and 1441(c). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause(s) of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative facts… such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. V. Gibbs, 383 U.S. 715, 725 (1966).

11.     Here, Plaintiff's state law claim for discrimination in violation of the NJLAD is related closely to her Title VII claim. The claims arise out of a common nucleus of operative facts. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claim. Plaintiff's state law claim neither raises novel or complex issues of State law nor predominates over the claim over which this Court has original jurisdiction, and there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. See 28 U.S.C. § 1367(c). Thus, removal is proper under 28 U.S.C. § 1441(c).

12.     The Superior Court of New Jersey, Hudson County is located within the District of New Jersey. See 28 U.S.C. § 110. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." See 28 U.S.C. §1441(a).

13.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's failure to state any claims upon which relief may be granted and that Plaintiff's claims should be dismissed as Plaintiff entered into a binding arbitration agreement requiring the claims alleged in the Complaint to be asserted in arbitration.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County.

15.     By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all Parties in this action of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Hudson County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

By:     *s/Richard J. Cino*
Richard J. Cino
Fotini Karamboulis
Attorneys for Defendant

Dated:  April 2, 2024

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Richard J. Cino, Esq., counsel for Defendant UBS Business Solutions US LLC, certify that the matter in controversy is not subject to any other action pending in any court, or of any pending arbitration or administrative proceeding.

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200

By:    *s/Richard J. Cino*
Richard J. Cino
Fotini Karamboulis
Attorneys for Defendant

Dated:  April 2, 2024

# EXHIBIT A

HUD-L-000567-24   02/10/2024   Pg 1 of 4   Trans ID: LCV2024377071

IN THE SUPERIOR COURT OF NEW JERSEY

LAW DIVISION: HUDSON COUNTY

CIVIL PART

Grace C. Chen, Plaintiff,

v.

UBS Business Solutions US LLC, Defendant.

Civil Action No.:

COMPLAINT AND JURY DEMAND

INTRODUCTION

1. This action seeks redress for violations of the New Jersey Law Against Discrimination (NJLAD) and Title VII of the Civil Rights Act of 1964 (Title VII). Plaintiff Grace C. Chen, alleges that Defendant UBS Business Solutions US LLC, engaged in unlawful employment practices on the basis of race and national origin and created a hostile work environment, culminating in Plaintiff's wrongful termination.

JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court under NJLAD and supplemental jurisdiction is asserted for claims arising under Title VII.
3. Venue is proper in Hudson County pursuant to N.J. Court Rule 4:3-2. (a) (3), as the Defendant conducts business within this jurisdiction and the acts giving rise to this action occurred within this county.

PARTIES

4. Plaintiff Grace C. Chen, is a resident of 315 E. 70th St., Apt. 1C, New York, New York 10021, and was employed by Defendant at 1000 Harbor Blvd., Weehawken, New Jersey 07086.
5. Defendant UBS Business Solutions US LLC, is a corporate entity with a principal place of business located at 1000 Harbor Blvd., Weehawken, New Jersey 07086.

## FACTUAL ALLEGATIONS

6. Grace C. Chen, a Chinese American, was employed by UBS Business Solutions US LLC, as Executive Director, Global Data Protection Lead, from October 25, 2021 until June 28, 2022.

7. For the first four months, Plaintiff received good performance reviews and received a prorated bonus. After a change of supervisor, Plaintiff became subjected to a hostile work environment involving cancellation and rescheduling of regular meetings to inhumane hours (2am – 5 am Plaintiff's local time) to prevent or discourage attendance, assignment of unreasonable tasks outside of Plaintiff's work scope, blocking of data access rights necessary for the job, in a series of concerted efforts by supervisor to establish Plaintiff's poor job performance.

8. After repeated attempts by supervisor to demonstrate incompetence on the part of the Plaintiff were unsuccessful, Defendant terminated Plaintiff under the pretext of a "business restructuring" which resulted in the termination of a single employee (i.e., the Plaintiff).

9. Colleagues of similar or equivalent seniority and situation, all of whom were Caucasian, were not subjected to such hostile treatment.

## CAUSES OF ACTION

9. Violation of the New Jersey Law Against Discrimination (Count I)

Defendant's discriminatory actions were motivated by race/ethnicity and national origin; furthermore, such actions were in violation of the New Jersey Law Against Discrimination (NJ Rev Stat § 10:5-12 (2022)).

10. Violation of Title VII of the Civil Rights Act of 1964 (Count II)

Defendant's discriminatory actions were at least racially motivated and in violation of the Section 703(a) of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)). Plaintiff Grace C. Chen filed a claim with the EEOC on March 14, 2023. On November 17, 2023, the EEOC issued a closure notice stating that it would not proceed further with its investigation and that it made no determination about whether further investigation would establish violations of the statute. This notice, which constituted an official notice from the EEOC of the dismissal of Plaintiff's charge and right to sue (attached hereto), was received by Plaintiff on November 20, 2023. This completes the required administrative exhaustion, permitting court proceedings.

HUD-L-000567-24   02/10/2024   Pg 3 of 4   Trans ID: LCV2024377071

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Grace C. Chen, requests the following relief:

A. An order declaring that the practices of the Defendant violated NJLAD and Title VII;

B. Compensatory and punitive damages in amounts to be determined at trial;

C. An order for reinstatement or front pay in lieu thereof;

D. An award of back pay and benefits with interest;

E. Attorneys' fees and costs;

F. Such other and further relief as the Court deems just and proper.

February 11, 2024

_____
Dated

_____
Signature

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

February 11, 2024

_____
Dated

_____
Signature

**JURY DEMAND**

The Plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court Rules 1:8-2(b) and 4:35-1(a).

February 11, 2024
_____
Dated

_____
Signature

Respectfully submitted,

Grace C. Chen

315 E. 70th St., Apt. 1C

New York, NY 10021

(212) 970-8966

gc827666@gmail.com

February 11, 2024